**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, *et al.*, | ) ) ) | CASE NO. 1:26-cv-01151 |
| Plaintiffs, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| FREDERICK L. STADELBAUER, | ) ) | **DEFENDANT FREDERICK L. STADELBAUER'S MOTION TO QUASH SUBPOENA AND** |
| Defendant. | ) ) ) | **EXCLUDE EVIDENCE** |

Defendant Frederick L. Stadelbauer ("Stadelbauer") respectfully moves this Court for an Order quashing an unlawfully issued subpoena and prohibiting Plaintiffs from using any documents obtained through unlawfully issued subpoenas in violation of the Federal Rules. For the reasons set forth in the attached Memorandum in Support, this Court should grant this Motion.

Respectfully submitted,

*/s/ Paul M. Flannery*
Paul M. Flannery (OH 0091480)
Christos N. Georgalis (OH 0079433)
Christopher J. Joyce (OH: 0086576)
Christopher R. Drees (OH 0103847)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
P: (216) 466-0162
F: (614) 526-0601
paul@flannerygeorgalis.com
chris@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com
cdrees@flannerygeorgalis.com

*Counsel for Defendant*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      FACTUAL BACKGROUND**

As of May 26, 2026, Plaintiffs had a pending motion before this Court seeking expedited discovery. (ECF No. 6). As of the date of this motion, this Court had not ruled on Plaintiffs' motion for expedited discovery. Nonetheless, on May 26, 2026, Plaintiff Progressive Casualty Insurance Company, through its counsel, served a subpoena on Tracey Marks, an employee of Progressive. (*See* **Exhibit A**, p. 1). That subpoena commanded Ms. Marks to "Produce any text message you have received from Frederick Stadelbauer between January 1, 2026 and April 24, 2026 in which he told you he had received an offer of employment." (*Id.*). The subpoena further commanded that Ms. Marks provide the records at 6:00 p.m. on May 26, 2026—the same day it was served. (*Id.*). Upon information and belief, Ms. Marks, through her counsel, delivered text messages to Plaintiffs' counsel on May 26, 2026.

Plaintiffs' counsel sent a copy, notifying Stadelbauer's counsel of the subpoena at 7:00 p.m. on May 26, 2026—an hour *after* the subpoena production deadline for Ms. Marks. Plaintiffs' counsel never discussed the subpoena with Stadelbauer's counsel, nor did Stadelbauer's counsel stipulate to such premature discovery. Stadelbauer never had an opportunity to object to the subpoena. Upon receiving a copy of the subpoena, undersigned counsel asked Progressive's counsel via email for any authority they had to justify their actions. They failed to respond.

Progressive used the improperly obtained information in their recent "reply." (ECF No. 19, p. 5). They used it to support the false assertion to this Court that Stadelbauer knew and had already decided he was leaving for GEICO in early April 2026. That is not true. While he had an initial

offer from GEICO and basic compensation terms, there were significant terms that were not negotiated at that time. Indeed, Stadelbauer was not even sure he would be leaving at that point.[1]

## II.     LAW & ARGUMENT

"A party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). As such, courts routinely quash subpoenas—a form of discovery—that are issued before the Rule 26(f) conference. *See A.B. Pratt & Co. v. Bridgeport Grp., LLC*, No. 1:22-CV-01579-PAB, 2022 WL 20437958, at *3 (N.D. Ohio Nov. 1, 2022); *see also Katebian v. Missaghi*, No. CV 18-13379, 2019 WL 1422618, at *1 (E.D. Mich. Jan. 10, 2019) (quashing a subpoena, in part, because it was served before the Rule 26(f) conference in violation of Rule 26(d)(1)); *see also Pichler v. U.S. Steel Corp.*, No. 09-CV-10843-DT, 2009 WL 1181847, at *2 (E.D. Mich. May 1, 2009) (quashing subpoenas that were premature under Rule 26(d)) (objections sustained on other grounds).

In *A.B. Pratt & Co. v. Bridgeport Grp., LLC*, an injunction case, the plaintiff served a subpoena upon a third party before conducting a 26(f) conference. 2022 WL 20437958, at *1. On that basis alone, the court quashed the plaintiff's subpoena because it violated the Rule 26(d)(1) "by seeking discovery long before the parties conducted a Rule 26(f) conference." *Id.* at *3.

---

[1] GEICO will be filing promptly with the Court a motion seeking leave to file a sur-reply, given Progressive's obvious bad faith sandbagging in the form of a "reply" brief that actually, for the first time, puts before the Court any evidence to support its request for an injunction. This tactic is improper and deprives Stadelbauer of a fair opportunity to respond.

Here, Plaintiffs violated Rule 26(d)(1) by prematurely serving a subpoena upon Tracey Marks. The parties have not held a Rule 26(f) conference. Nor have Plaintiffs even tried. And to conduct discovery before a Rule 26(f) conference, the Federal Rules require Plaintiffs to either (1) receive permission from this Court or (2) receive a stipulation from Stadelbauer to conduct early discovery.[2] Plaintiffs received neither. By conducting discovery, then, before the Rule 26(f) conference and without permission from the Court or stipulation from Stadelbauer, Plaintiff violated the Federal Rules. The Northern District of Ohio, on that same basis alone, quashed a subpoena to a third party in *A.B. Pratt & Co. v. Bridgeport Grp., LLC*. This Court should do the same again and exclude and refuse to consider any information Progressive and its counsel unlawfully obtained by flagrantly violating this Court's rules and the Federal Rules of Civil Procedure.

Indeed, Plaintiffs acknowledge that they needed this Court's authorization before conducting discovery because they already moved for this Court to grant expedited discovery "prior to the Rule 26(f) conference." (ECF No. 6, PageID #: 237 (citing and analyzing Rule 26(d)). This Court has not yet ruled on that motion. But instead of waiting for a response, Plaintiffs proceeded anyway and subpoenaed information from a third party. By doing so, Plaintiffs not only violated the Federal Rules but circumvented this Court's authority to rule over discovery motions.

---

[2] This case is not a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), nor is Stadelbauer aware of any other authorization under the Rules that would allow pre-Rule 26(f) conference discovery.

Unauthorized, premature discovery is a basis on its own for this Court to quash the subpoena. But that is not Plaintiffs' only Federal Rule violation.[3] Plaintiffs also violated Rule 45. The Federal Rules require: "*Notice to Other Parties Before Service*. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then *before it is served* on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added).

Plaintiffs provided a copy of the subpoena to Stadelbauer's counsel at 7:00 p.m., only *after Ms. Marks' production deadline*. That gave Stadelbauer no time to object or move to quash the subpoena. While, true, Stadelbauer ultimately received notice of the subpoena and now moves to quash it, Plaintiffs' further disregard for the Federal Rules should provide this Court an additional reason to quash the subpoena and exclude any evidence produced. *See Katebian*, 2019 WL 1422618, at *1 (quashing a subpoena, in part, because the plaintiff failed to provide notice to the defendant *before* the subpoena was issued).

Progressive used the improperly obtained information in their recent "reply." (ECF No. 19, p. 5). They used it to support the false assertion to this Court that Stadelbauer knew and had already decided he was leaving for GEICO in early April 2026. That is not true. While he had an initial offer from GEICO and basic compensation terms, there were significant terms that were not negotiated at that time. Indeed, Stadelbauer was not even sure he would be leaving at that point.[4]

---

[3] Indeed, Progressive claims Stadelbauer is the one who cannot be trusted, it is actually the other way around, as will be explained more in the hearing on this matter. Given Ms. Mark's lack of trust in her own employer and its conduct in this litigation, she obtained her own independent counsel to represent her in the subpoena issued against her (in violation of the rules) by her own employer.

[4] GEICO will be filing promptly with the Court a motion seeking leave to file a sur-reply, given Progressive's obvious bad faith sandbagging in the form of a "reply" brief that actually, for the

4

### III.    CONCLUSION

Plaintiffs twice violated the Federal Rules in issuing a subpoena to a third-party witness and circumvented this Court's discretion to rule on its expedited discovery motion. This Court should quash Plaintiffs' subpoena to Ms. Marks and issue an order prohibiting Plaintiffs from using any documentation at the hearing that was obtained in violation of the Federal Rules. Given the flagrant violation of the Rules, this Court should sanction Progressive as well and it should be forced to pay attorneys' fees to respond to this issue.

Respectfully submitted,

*/s/ Paul M. Flannery*

Paul M. Flannery (OH 0091480)
Christos N. Georgalis (OH 0079433)
Christopher J. Joyce (OH: 0086576)
Christopher R. Drees (OH 0103847)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
P: (216) 466-0162
F: (614) 526-0601
paul@flannerygeorgalis.com
chris@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com
cdrees@flannerygeorgalis.com

*Counsel for Defendant*

---

first time, puts before the Court any evidence to support its request for an injunction. This tactic is improper and deprives Stadelbauer of a fair opportunity to respond.

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, the foregoing document was filed in this matter using the Court's electronic filing system. Notice of this filing will be sent to all represented parties via the Court's electronic filing system.

/s/ Paul M. Flannery
Paul M. Flannery (OH 0091480)

*Counsel for Defendant*

6