**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>FREDERICK L. STADELBAUER<br><br>*Defendant*. | Case No.: 1:26-cv-01151-DAR<br><br>Judge David A. Ruiz<br><br>**OPPOSITION TO DEFENDANT FREDERICK L. STADELBAUER'S MOTION TO QUASH SUBPOENA AND EXCLUDE EVIDENCE** |

Stadelbauer seeks to quash a subpoena that Progressive issued to third party Tracey Marks *at her counsel's request*, and to exclude highly relevant evidence from Stadelbauer himself that she produced in response—a discoverable text message exchange that Stadelbauer sent to her and therefore presumably still has in his possession, in which he contradicts one of the key assertions made in his opposition to Progressive's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). The Court should deny Stadelbauer's Motion to Quash for the reasons below.

In preparing to respond to Stadelbauer's Opposition to Progressive's Motion, Progressive became aware that Stadelbauer had texted another Progressive employee, Tracey Marks, about receiving an offer from GEICO in early April—contrary to repeated claims in his Opposition and Declaration that he did not receive a "formal" offer from GEICO until April 23.

Specifically, Stadelbauer texted Ms. Marks on April 2 that he "[g]ot an offer" from GEICO for "GM $"—a reference to the General Manager position at Progressive, one step above Stadelbauer's position at the time. Notably, Stadelbauer's Motion to Quash does not challenge the

authenticity of this text or that it establishes the actual date of Stadelbauer's offer from GEICO. And it proves that his representations to this Court that GEICO did not extend him a "formal" offer until April 23 was grossly misleading, if not outright false.

This is consistent with the pattern of conduct outlined at length in Progressive's Reply—Stadelbauer hides the truth until it becomes impossible to deny. And indeed, Stadelbauer now admits after being confronted with the April 2 text message that he "he had an initial offer from GEICO and basic compensation terms" in early April, which he conveniently failed to mention anywhere in his 30-page opposition to Progressive's TRO motion.

Given the potential importance of this new information to its pending motion for emergency injunctive relief, Progressive requested a copy of that text message from Ms. Marks, but Ms. Marks deferred, stating that she wished to consult with her personal counsel on the matter. Then, at 12:45 p.m. yesterday, May 26—the date on which Progressive was due to file its Reply in support of its TRO motion—Ms. Marks's attorney contacted Progressive's counsel indicating that Ms. Marks had authorized him to accept a subpoena on her behalf. After further discussion with Progressive's counsel, Ms. Marks's attorneys agreed to produce the text message if Progressive would issue a narrowly tailored subpoena seeking that document.

Stadelbauer's characterization of the sequence of events yet again misleads this Court. Progressive did not issue a subpoena requiring Ms. Marks to obtain counsel to represent her; Ms. Marks's counsel initiated contact with Progressive and requested that Progressive issue a subpoena for the text exchange. Given the importance of the text message to providing this Court with an accurate timeline of Stadelbauer's offer from GEICO, the impending deadline to file its Reply, and the upcoming TRO hearing on May 28 and 9:00 a.m., Progressive did so. Ms. Marks then produced the April 2 text message from Stadelbauer.

2

To that point, in the case Stadelbauer primarily relies on—*A.B. Pratt & Co. v. Bridgeport Grp., LLC*—the non-party recipient of the subpoena in question filed the motion to quash to *avoid* complying with it. 2022 WL 20437958, at *1 (N.D. Ohio Nov. 1, 2022). Ms. Marks did not—instead, she produced Stadelbauer's text message without challenging the validity of the subpoena. Indeed, her counsel specifically required that a subpoena be issued to her.

Stadelbauer's request to "quash" the subpoena therefore makes no sense. Ms. Marks has already produced the document sought by the subpoena, making any motion to quash moot. *See Binder v. Brentlinger Enters.*, 2021 WL 3630516, at *4 (S.D. Ohio Aug. 17, 2021) (denying motion to quash as moot where the requested "records . . . already have been produced"). Nor does Stadelbauer have standing to quash this subpoena of a non-party. *Simonoff v. Saghafi*, 2018 WL 11306069, at *2 (N.D. Ohio May 18, 2018) ("Courts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal privacy right exists in the information sought.").

Moreover, even if the subpoena to Ms. Marks was premature and therefore unenforceable, Stadelbauer offers no authority for excluding evidence voluntarily produced pursuant to its terms—and cannot do so.

First, Stadelbauer himself sent the text, so it is non-hearsay. *See* F.R.E. 801(d)(2). And because it is his text, he was well aware of its existence before this lawsuit was ever filed, and suffers no prejudice or unfair surprise as a result of Progressive obtaining and using it here. Finally, the text message is highly relevant to Progressive's request for emergency injunctive relief, as it directly contradicts Stadelbauer's account of his courtship by GEICO and the timeline of his departure from Progressive.

Moreover, excluding this evidence for purposes of Progressive's motion for temporary restraining order and preliminary injunction would create an absurd result. The evidence exists, is relevant, is admissible, and is already before the Court. And Stadelbauer does not and cannot deny that following a Rule 26(f) conference or ruling on the motion for expedited discovery, Progressive would have the right to subpoena it from Ms. Marks, or obtain it from him directly through requests for production under Fed. R. Civ. P. 30, assuming he still has the text in his possession. So, in effect, the relief Stadelbauer is seeking is to require the Court to simply *ignore* evidence created by Stadelbauer himself contradicting one of his key arguments in opposition to the motion for TRO, and only consider that evidence at a later date, after his continued employment at GEICO causes further irreparable harm to Progressive.

The fact that Stadelbauer would even make such a request demonstrates his disturbing lack of fidelity to the truth, and the Court should not endorse that by excluding relevant, admissible evidence of his dishonesty. Stadelbauer's motion to quash and to exclude his April 2 text message should be denied.

DATED: May 27, 2026         Respectfully submitted,

*/s/ Steven M. Dettelbach*
Steven M. Dettelbach (0055848)
Scott C. Holbrook (0073110)
Carrie A. Valdez (0094004)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
sholbrook@bakerlaw.com
sdettelbach@bakerlaw.com
cvaldez@bakerlaw.com

Kevin W. Shaughnessy (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone: (407) 649-4000
kshaughnessy@bakerlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record for all parties by the Court's ECF System and a copy may be accessed through the Court's ECF filing system.

*/s/ Steven M. Dettelbach*

*Attorney for Plaintiffs*