## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, *et al.*, | ) ) ) | CASE NO. 1:26-cv-01151 |
| Plaintiffs, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | **DEFENDANT FREDERICK L. STADELBAUER'S MOTION TO** |
| FREDERICK L. STADELBAUER, | ) ) | **FILE A SUR-REPLY[1]** |
| Defendant. | ) | |

Defendant Frederick L. Stadelbauer ("Stadelbauer") respectfully moves this Court for leave to file a sur-reply and continue the temporary restraining order hearing or, in the alternative, for an Order striking Plaintiffs' Reply in Support of their Motion for a Temporary Restraining Order and Preliminary Injunction and refusing to consider the Reply and its attachments. For the reasons set forth in the attached Memorandum in Support, this Court should grant this Motion.

Respectfully submitted,

*/s/ Paul M. Flannery*
Paul M. Flannery (OH 0091480)
Christos N. Georgalis (OH 0079433)
Christopher J. Joyce (OH: 0086576)
Christopher R. Drees (OH 0103847)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
P: (216) 466-0162
F: (614) 526-0601
paul@flannerygeorgalis.com
chris@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com
cdrees@flannerygeorgalis.com
*Counsel for Defendant*

---

[1] Because this Motion discusses a filing and information the Plaintiffs have designated as Confidential and Highly Confidential under the Temporary Protection Order (ECF Nos. 18; 19), an unredacted copy of this Motion has been filed under seal.

## MEMORANDUM IN SUPPORT

### I.    FACTUAL BACKGROUND

Late into the evening on May 26, 2026, Plaintiffs filed a 129-total page Reply in Support of their TRO Motion. The Reply included several arguments that Plaintiffs raise for the first time in the Reply. It also cites several documents (one of which was unlawfully obtained) that Plaintiffs should have cited in their Memorandum in Support but did not. Instead, Plaintiffs clearly withheld key information from their initial filing only to dump it on Stadelbauer and this Court, leaving Stadelbauer no meaningful opportunity to respond. While Stadelbauer recognizes the purpose of a reply brief is to address arguments raised in the response in opposition, Plaintiffs' Reply goes far beyond that in an effort to unfairly "sandbag" Stadelbauer in its quest for an injunction.

In their Reply, for example, Progressive cites various electronic messages with unidentified "co-workers" where Stadelbauer purportedly claimed he was:



(ECF No. 19, PageID #: 992–93). Plaintiffs never relied on these messages in their Memorandum in Support and only reference them in their Reply, again leaving Stadelbauer with no opportunity to respond.

Moreover, Progressive claims extensively, for the first time in its Reply, that Stadelbauer's access to various Progressive documents spiked shortly after his initial interview with GEICO. (ECF No. 19, PageID #: 990, 992). Plaintiffs cite this data to rebut Stadelbauer's claims that "he never accessed anything unless it was related to work." (ECF No. 19, PageID #: 990). Progressive also claims, for the first time, that Stadelbauer deleted many more documents than usual on April

1

21, 2026, which "cannot be dismissed as coincidental" according to Progressive. (*Id.*). Similarly, Progressive claims for the first time, that Stadelbauer wrote "clean up inbox" (or the like) on his "to do" list several times throughout March and April 2026. (ECF No. 19, PageID #: 995). Progressive also raised a new argument in its Reply, attacking Stadelbauer's credibility, arguing that Stadelbauer was "less than forthcoming" in an internal conflict of interest investigation. (ECF No. 19, PageID #: 997).

Finally, Progressive flooded the docket with new evidence and declarations, the majority of which are uncited in the Reply. Progressive filed:

- A 34-paragraph declaration from Kanik Varma;

- A 13-paragraph declaration from Christopher Decker;

- A three-paragraph declaration from Carrie Valdez; and

- An 11-paragraph declaration from Rachel Warner.

In fact, Plaintiffs filed 23 total exhibits in support of its Reply brief. Yet the factual background, which Plaintiffs deem an "Introduction and Summary of Argument," contain no citations to any of the 23 exhibits or declarations. Plaintiffs ask this Court to rely upon the new arguments and evidence that it cited for the first time in its Reply.

## II.     LAW & ARGUMENT

"While it is well-established that a party cannot raise new arguments in a reply brief, it is equally settled that a party may respond in a reply to arguments raised for the first time in opposition to a motion." *Raimey v. City of Niles*, No. 4:20-CV-5, 2022 WL 80364, at *1 (N.D. Ohio Jan. 7, 2022). Moreover, a sur-reply may be appropriate "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014); *Seay v. Tennessee*

*Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003) (ruling that the district court was not entitled to enter summary judgment in favor of the moving party after the moving party submitted new arguments and a new declaration in a reply brief and the nonmoving party did not have an "adequate opportunity to respond"); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (refusing to consider argument raised for the first time in a reply to a motion to reconsider); *Ball v. Ohio Ambulance Sols., LLC*, No. 1:14CV00355, 2015 WL 3397858, at *2–3 (N.D. Ohio May 26, 2015) (refusing to consider arguments and evidence raised for the first time in a reply brief).

Plaintiffs raised several new arguments for the first time in their Reply. They also introduced 23 pieces of evidence, much of which were not used or relied on in their Memorandum in Support. For one, Plaintiffs cite various text messages that between Stadelbauer and unidentified "coworkers" in an attempt to bolster their argument that Stadelbauer had planned to leave to GEICO all along. But Plaintiffs did not rely on these text messages in their Memorandum in Support, only relying on them in their Reply. By doing so, Plaintiffs were able to sidestep Stadelbauer's right to address their evidence in his opposition. In fact, Plaintiffs acquired at least some of those text messages in violation of the Federal Rules of Civil Procedure. (*See* ECF No. 22).

Second, Plaintiffs cite declaration testimony and computer data suggesting that Stadelbauer, while he was having potential employment discussions in March and April 2026 with GEICO, was accessing and deleting unusual amounts of confidential information. Plaintiffs did not cite any such data in their Memorandum in Support. Moreover, this argument and evidence does not rebut any contention that Stadelbauer made in his Response. In fact, this citation does nothing other than furthers Plaintiffs' mere speculatory theory that Stadelbauer was

3

misappropriating confidential Progressive documents (which he was not). And by waiting for their Reply to raise these arguments, Plaintiffs again were able to assert new arguments that Stadelbauer is unable to address.

Third, Plaintiffs cite several instances where Stadelbauer placed "clean up inbox" on his "to do" list in March and April 2026. By bringing up this information, Plaintiffs presumably are suggesting that Stadelbauer was intentionally deleting relevant information. But Plaintiffs conveniently never raised this issue in their Memorandum in Support so Stadelbauer could address it. Plaintiffs also omit any information, say from late 2025, about how often or as a regular practice, Stadelbauer might have placed "clean up inbox" on his "to do" list. Plaintiffs withheld that information.

Finally, for the first time in their Reply, Plaintiffs attack Stadelbauer's credibility and work ethics, neither of which are at issue in the underlying claims. Plaintiffs argue that Stadelbauer was "less than forthcoming" in an internal conflict of interest investigation, and presumably therefore, lacks credibility. But again, Plaintiffs did not attack Stadelbauer's character in their Memorandum in Support, and Stadelbauer did not put his character at issue in his Response in Opposition. There is no legitimate reason for Plaintiffs to attack Stadelbauer's credibility, especially when Stadelbauer has no opportunity to respond. This Court should grant Stadelbauer the opportunity to rebuild his credibility by filing a sur-reply.

Because Plaintiffs raised new arguments and presented new evidence in their Reply, Stadelbauer should be permitted an opportunity to respond. *Raimey v. City of Niles*, No. 4:20-CV-5, 2022 WL 80364, at *1 (N.D. Ohio Jan. 7, 2022). Finally, Plaintiffs labeled five of their newly filed exhibits as "Outside Counsel Only" and subject to the Court's protective order, leaving Stadelbauer no opportunity to review those documents and assist his counsel to rebut Plaintiffs'

4

assertions. Stadelbauer objects to this designation and seeks to have the Court de-designate those exhibits so that Stadelbauer's counsel can confer meaningfully with him to prepare for the hearing.

## III. CONCLUSION

Plaintiffs raised new arguments and presented new evidence in their Reply. This Court should grant Stadelbauer leave to file a sur-reply and continue the temporary restraining order hearing to allow Stadelbauer an opportunity to respond to the new arguments and evidence. Alternatively, this Court should strike Plaintiffs' Reply and refuse to rely on the Reply or the accompanying exhibits during the hearing.

Respectfully submitted,

*/s/ Paul M. Flannery*

Paul M. Flannery (OH 0091480)
Christos N. Georgalis (OH 0079433)
Christopher J. Joyce (OH: 0086576)
Christopher R. Drees (OH 0103847)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
P: (216) 466-0162
F: (614) 526-0601
paul@flannerygeorgalis.com
chris@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com
cdrees@flannerygeorgalis.com

*Counsel for Defendant*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, the foregoing document was filed in this matter using the Court's electronic filing system. Notice of this filing will be sent to all represented parties via the Court's electronic filing system.

/s/ Paul M. Flannery
Paul M. Flannery (OH 0091480)

*Counsel for Defendant*

6