| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, *et al.*, | ) ) | CASE NO. 1:26-cv-01151 |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT FREDERICK L.** |
| | ) | **STADELBAUER'S REPLY** |
| FREDERICK L. STADELBAUER, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO QUASH SUBPOENA** |
| Defendant. | ) | **AND EXCLUDE EVIDENCE** |
| | ) | |

Plaintiffs miss the mark in their opposition. The fact Plaintiffs have already obtained the evidence at issue—largely because they set a response deadline an hour before they sent the subpoena to Stadelbauer—does not excuse a flagrant violation of the Federal Rules of Civil Procedure and disrespect of this Court's authority. Plaintiffs essentially concede that they violated the Rules by acknowledging Plaintiffs "would have the right to subpoena it"—*if and only if* there had been a 26(f) conference or a ruling on the motion for expedited discovery. (*See* ECF No. 24, PageID #: 1053). Neither happened. Plaintiffs violated the Rules, and the remedy is quashing the subpoena and excluding the evidence.

Plaintiffs' violation of the Rules presents an issue of basic fairness. The Rules exist "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Violating the Rules undermines that principle.

The authority Stadelbauer cites for excluding the evidence is clear and controlling, despite Plaintiffs' incorrect claim he offered "no authority for excluding evidence." (*See* ECF No. 24, PageID #: 1052). Rule 26(d)(1) prohibits "seek[ing] discovery from any source before the parties

have conferred as required by Rule 26(f)", except in limited circumstances inapplicable here. Fed. R. Civ. P. 26(d)(1). Plaintiffs sought discovery from a third party before the parties have conferred as required by Rule 26(f). This is not allowed—plain and simple. Instead of addressing Rule 26(d)(1), Plaintiffs ignored it and claimed it does not exist. In fact, Rule 26(d)(1) is entirely omitted from Plaintiffs' response—a telling concession they violated the Rule.

Indeed, Plaintiffs' prior motion for expedited discovery is evidence that Plaintiffs understood the Rules and chose to disregard them anyway. Under Plaintiffs' argument, there would be no reason to move for expedited discovery. Any party could seek information from third parties any time they wish. But Plaintiffs moved for expedited discovery, because they knew otherwise they would have to wait until after the 26(f) conference—contradicting their assertion that "no authority" prohibits what they did. (*See* ECF No. 24, PageID #: 1052). Plaintiffs cited Rule 26 in their motion for expedited discovery. (*See* ECF No. 6, PageID #: 237 ("Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the Court may order discovery prior to the Rule 26(f) conference.")). Plaintiffs do know the Rule exists. But Plaintiffs ignored it and chose to issue a subpoena before the Court had ruled. This was blatantly disrespectful of this Court's authority and there should be consequences.

In their response to the present motion, instead of addressing the Rules, which clearly prohibit their actions, or reflecting on whether they broke the Rules in a manner that was unfair, Plaintiffs, once again, resort to *ad hominem* attacks on Stadelbauer's character and honesty. They suggest that "Stadelbauer hides the truth until it becomes impossible to deny." (ECF No. 24, PageID #: 1051). Setting aside the irony in Plaintiffs' position that the text message actually supports Stadelbauer's claim that he had been in negotiations with GEICO "for weeks leading to the April 27 meeting" (ECF No. 15, PageID #: 758), Plaintiffs focus on the wrong issues here. The

1

harm is not contained within the information put in front of the Court. The harm is in Plaintiffs' flagrant disrespect for the Rules and the Court's authority, while Stadelbauer respected both.

Plaintiffs' attempt to shift the blame to Ms. Marks' attorney is another example of their failure to grasp that what they did was improper. There is no exception in Rule 26 for voluntary disclosures from third parties. If there were, Plaintiffs may have actually mentioned Rule 26 in their response. And the fact that Ms. Marks is still employed by Progressive and felt compelled to retain an outside attorney to handle document demands from her employer demonstrates the absurdity of Plaintiffs' position that the disclosure was indeed "voluntary." A subpoena, as Plaintiffs well know, is compulsory, never voluntary. It provides that, as a recipient, "[y]ou are commanded to produce." And it is backed by the authority of the United States District Court for the Northern District of Ohio.

Plaintiffs' view of how discovery should proceed would transform orderly, fair litigation into a Wild West free-for-all. Plaintiffs believe if they provide a subpoena an hour or two before a third party responds, thereby giving opposing counsel no opportunity to respond, then Stadelbauer has no recourse. Plaintiffs believe that because they may *eventually* be allowed to issue subpoenas, after a Rule 26(f) conference or a ruling on the pending motion for expedited discovery, then they should be allowed to issue subpoenas *now*, before either of those things happen. Plaintiffs believe that because they claim evidence contradicts Stadelbauer's explanation—it does not—they should be able to use it, never mind order and procedure. Plaintiffs believe they can do what they want, even if it flies in the face of the Federal Rules of Civil Procedure and this Court's authority. They cannot.

Stadelbauer respected this Court's authority and the Federal Rules of Civil Procedure, which prohibit seeking discovery before a 26(f) conference. Plaintiffs did not. As a result, Plaintiffs now have evidence they seek to use against Stadelbauer in the upcoming hearing. This is an unjust result. This Court should grant Defendant's Motion, quash the subpoena, and exclude the evidence.

Respectfully submitted,

*/s/ Paul M. Flannery*
Paul M. Flannery (OH 0091480)
Christos N. Georgalis (OH 0079433)
Christopher J. Joyce (OH: 0086576)
Christopher R. Drees (OH 0103847)
**Flannery | Georgalis, LLC**
1621 Euclid Avenue, Floor 20
Cleveland, Ohio 44115
P: (216) 466-0162
F: (614) 526-0601
paul@flannerygeorgalis.com
chris@flannerygeorgalis.com
cjoyce@flannerygeorgalis.com
cdrees@flannerygeorgalis.com

*Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 27, 2026, the foregoing document was filed in this matter using the Court's electronic filing system. Notice of this filing will be sent to all represented parties via the Court's electronic filing system.

*/s/ Paul M. Flannery*
Paul M. Flannery (OH 0091480)

*Counsel for Defendant*